**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN HENRY FREDERICK,**

    **Plaintiff,**

vs.                                                       **Case No. 4:24cv182-AW-MAF**

**LIBERTY CORRECTIONAL
INSTITUTION, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, submitted a hand-written complaint, ECF No. 1, which presents a myriad of conclusory allegations, most of which are unintelligible ramblings. Plaintiff is a prisoner who is incarcerated in the Florida Department of Corrections, and he contends his life was placed in danger by his unlawful kidnapping and false imprisonment in September 2013. *Id.* at 5. He contends that he needs medical support equipment, but he does not demonstrate that he has been denied medical care or treatment, nor does he show that medical staff have been deliberately indifferent to a serious medical need. Indeed, he is complaining about

events which transpired between February and July of 2018. *Id.* at 8. Even if those claims were properly presented, and they are not, they would be time barred. Such claims are subject to a four year statute of limitations, and would, thus, have expired in July 2022. More importantly, Plaintiff does not provide a clear allegation of a violation of his constitutional rights, although he states that he invokes his constitutional rights. *Id. at 5-6.* Moreover, Plaintiff does not request any specific relief from this Court. *Id.* at 9.

It is likely that Plaintiff has attempted to submit a prior complaint from an earlier case because Plaintiff discusses medical staff at Wakulla Correctional Institution, but Plaintiff is not housed there. *Id.* at 8. Plaintiff is currently incarcerated at Liberty Correctional Institution. *Id.* at 1, 10.

Plaintiff has improperly attempted to initiate this case. He has not used the court form as required by pro se prisoners. N.D. Fla. Loc. R. 5.1. The complaint is a shotgun pleading, and does not comply with the Federal Rules of Civil Procedure. In addition, Plaintiff has also improperly initiated this case without paying the filing fee and without presenting allegations which show that he faces imminent danger of serious physical injury.

Case No. 4:24cv182-AW-MAF

Judicial notice is taken that Plaintiff has previously filed prior actions which have been dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sought monetary relief from a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff previously filed case number 6:18cv694-GAP-GJK in the Middle District of Florida.[1] It was dismissed in June 2018 for failure to state a claim. ECF Nos. 9-10 of that case. Similarly, Plaintiff also filed case number 6:17cv349-PGB-KRS in the Middle District of Florida. That case was dismissed in March 2017 because Plaintiff sought monetary damages from a federal judge (Judge Roy B. Dalton, Jr.) who had dismissed one of Plaintiff's prior cases. Since a judge has absolute judicial immunity and cannot be sued for damages, the case was summarily dismissed for failure to state a claim. ECF Nos. 3-4 of that case. In addition, Plaintiff filed case number 4:18cv482-WS-HTC which was dismissed in the Northern District of Florida in late March 2019 as malicious and an abuse of the judicial process because Plaintiff did not disclose all of his prior cases. ECF Nos. 18-29 of that case. Those three

---

[1] The Court has confirmed that each case cited was filed by the same Plaintiff, John Henry Frederick, with D.O.C. inmate number R17753.

Case No. 4:24cv182-AW-MAF

cases were dismissed for reasons listed in 28 U.S.C. § 1915(e)(2)(B). Therefore, Plaintiff is a "three striker."

Furthermore, Plaintiff has had at least two prior cases summarily dismissed in this Court pursuant to 28 U.S.C. § 1915(g) because it was discovered that Plaintiff has three "strikes," is not entitled to proceed with in forma pauperis status, and his complaints did not show that he faced imminent danger as required by 28 U.S.C. § 1915(g).[2]  See *case #* 4:19cv332-AW-CAS ad case # 4:20cv218-MW-MAF.  Thus, Plaintiff is well aware that he is not entitled to proceed with a civil action in federal Court unless he pays the filing fee or submits a complaint which presents clear allegations of imminent harm.

This case should be summarily dismissed.  Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $405.00 filing fee at the time of case initiation.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g)

---

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:24cv182-AW-MAF

does not pay the filing fee at the time he initiates the suit). Plaintiff "cannot simply pay the filing fee after being denied in forma pauperis status." *Id.* Furthermore, should Plaintiff contend that he is in imminent danger of serious physical injury, any new case Plaintiff initiates must be limited to only such an allegation, clearly explain the basis for that contention, and Plaintiff must simultaneously file an in forma pauperis motion with his complaint.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $405.00 filing fee because Plaintiff is not facing imminent danger. It is further recommended that if this Recommendation is adopted by the Court, the Clerk of Court should be directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 29, 2024.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv182-AW-MAF